Rev. 10/09

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Edward Jose Caro**  Case No. **10-13054**
**Lillian Fuentes Caro**
Debtor(s)  Chapter 13 Proceeding

# DEBTOR(S)' CHAPTER 13 PLAN   ☐ *AMENDED*
# AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

## Plan Summary

**A.** The Debtor's Plan Payment is scheduled at _____**$1,275.00  Monthly**_____   ☐ Pay Order, ☑ Direct Pay
for _____**60 months**_____. The gross amount to be paid into the plan is _____**$76,500.00**_____.

**B.** The Plan proposes to pay all allowed priority, special class and secured claims and approximately ___**3%**___ of the unsecured allowed claims. THIS PLAN DOES NOT ALLOW CLAIMS. You must file a proof of claim to receive distributions under any plan. Other than adequate protection payments, disbursements will begin after entry of an order of confirmation of the plan.

**C.** Value of non-exempt assets _____**$0.00**_____.

**D.** Current monthly income ___**$2,150.00**___, - expenses _____**$875.00**_____ = available for Plan _____**$1,275.00**_____.

**E.** The total amount to be paid into the Plan shall be increased for tax refunds as set forth in the Standing Order for Chapter 13 Case Administration in this Division. These additional receipts shall be disbursed according to the provisions of the Plan. IRS or Debtor(s) are directed to forward refund to the Trustee.

## Special Plan Provisions

**Attorney Fees**
Attorney fees shall be paid as follows: Upon confirmation of the plan Attorney shall receive $1500 in the first monthly disbursement following confirmation of the plan and then up to $250 per month until paid in full.

## Plan Provisions

### I. Vesting of Estate Property

Upon confirmation of the plan, all property of the estate shall not vest in the Debtor(s), and shall remain as property of the estate subject to the automatic stay of 11 U.S.C. §362.

### II. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to assume the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| **(None)** | | | |

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to reject the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| **(None)** | | | |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Edward Jose Caro**    Case No. **10-13054**
**Lillian Fuentes Caro**
Debtor(s)    Chapter 13 Proceeding

# DEBTOR(S)' CHAPTER 13 PLAN   ☐ AMENDED
# AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 1*

## III. Specific Treatment for Payment of Allowed Claims

**1. DIRECT PAYMENTS BY DEBTOR TO CREDITORS; SURRENDER OF COLLATERAL**

A. Debtor shall pay the following creditors directly:

| Creditor Name | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|
| | | | |

B. Debtor shall surrender the following collateral:

| Creditor Name / Collateral Surrendered | In Full Satisfaction (Yes/No) | Debt Amount |
|---|---|---|
| | | |

C. Creditor's Direct Communication With Debtors

Creditors whose claims are scheduled to be paid directly by the debtor(s), including creditors with claims secured by real property or vehicles, are authorized to send monthly statements to the debtor(s). They are also authorized to communicate directly with the debtor(s) in response to a debtor's questions about monthly payments, escrow accounts, account balances, increases in monthly payments, and other routine customer service inquiries.

**2. PAYMENTS BY TRUSTEE**

A. Administrative Expenses (including Attorney's fees)
*The Trustee may receive up to 10% of all sums disbursed, except on any funds returned to the debtor.*

| Creditor | Estimated Amount of Debt | Monthly Payment Amount | |
|---|---|---|---|
| Heimer Law Offices P.C. | $2,924.00 | Month(s) 1-59 | Pro-Rata |

B. Ongoing Mortgage Payments

The Trustee shall pay all post-petition monthly mortgage payments on claims against real property that were delinquent on the petition date ("Ongoing Mortgage Payments"). The Ongoing Mortgage Payments will be in the amount stated in the allowed proof of claim or as fixed by Court order. If the debtor makes a Plan payment that is insufficient for the Trustee to disburse all Ongoing Mortgage Payments required below, such payments will be disbursed in the order listed below. The Trustee shall hold debtor payments until a sufficient amount is received to make a full Ongoing Mortgage Payment. The debtor shall provide to the Trustee all notices received from Mortgage Creditors including statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit Mortgage Creditors to issue such notices. Changes to the monthly Ongoing Mortgage Payment or the addition of post-petition mortgage fees and charges shall be effectuated pursuant to the *Standing Order Relating to Ongoing Mortgage Payments in Chapter 13 Cases in the Austin Division.*

| Mortgage Creditor / Property Address | Monthly Mortgage Payment (proof of claim controls) | Monthly Late Charge | Interest Rate | Payment Due Date | Paid by Trustee OR Paid Direct by Debtor (select one) |
|---|---|---|---|---|---|
| Bac Home Loans Servici 2104 Sombra Cove | $615.35 | | 0% | | Trustee |
| Los Jardines HOA c/o Goodwin M 2104 Sombra Cove | Pro-Rata | | 0% | | Trustee |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Edward Jose Caro**  
**Lillian Fuentes Caro**  
Debtor(s)

Case No. **10-13054**

Chapter 13 Proceeding

# DEBTOR(S)' CHAPTER 13 PLAN  ☐ *AMENDED*
# AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 2*

C. Secured Claims - Mortgage Arrearage, Real Property

The Plan will cure pre-petition arrearage claims pursuant to the payment schedule set forth below. The allowed arrearage claim will be the amount of the allowed proof of claim or as fixed by court order.

| Creditor / Property Address / Description of Collateral | Estimated Claim | Mo. Pmt or Method of Disbursement | Interest Rate (if applicable) | Other Remarks |
|---|---|---|---|---|
| Bac Home Loans Servici 2104 Sombra Cove | $7,785.62 | Pro-Rata | 0% | |

D. Secured Claims - Personal Property; Adequate Protection Payments; MOTIONS TO VALUE COLLATERAL

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the full amount of the claim, as specified below, plus interest thereon at the rate specified in this Plan. FAILURE OF THE SECURED CREDITOR TO OBJECT TO THE PROPOSED VALUE WILL BE DEEMED ACCEPTANCE OF THE PLAN UNDER SECTION 1325(a)(5)(A). Except for secured claims for which provision is made to pay the full amount of the claim notwithstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section III(2)(F).

In the first disbursement following the filing of a claim by a creditor holding an allowed claim secured by personal property, the Trustee shall commence making adequate protection payments in the amount set out below, unless otherwise ordered by the Court. Such payments shall cease upon confirmation of the plan.

| Creditor/Collateral | Adequate Protection Payment | Other Treatment/Remarks |
|---|---|---|
| Conns household item | $10.00 | |
| Tx Auto Cent 2004 Dodge Dakota | $75.00 | pay full claim - 910 car |

The Debtor moves to value collateral described below in the amounts indicated. The Debtor(s) declares, under penalty of perjury, that the foregoing values as stated in the above Motion and the Plan for the secured debt are true and correct and to the best of their knowledge represent the replacement value, pursuant to Section 506(a)(2), of the assets held for collateral.

**/s/ Edward Jose Caro**  
Edward Jose Caro, Debtor

**/s/ Lillian Fuentes Caro**  
Lillian Fuentes Caro, Joint Debtor

Objections to Valuation of collateral proposed by this plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. Following confirmation of the plan, monthly payments shall be made as follows:

| Creditor / Collateral | Est. Claim | Value of Collateral | Monthly Payment | Interest Rate | Pay Value of Collateral (OR) Pay Full Amount of Claim (select one) |
|---|---|---|---|---|---|
| Conns household item | $286.00 | $75.00 | Pro-Rata | 5.25% | Pay Value of Collateral |
| Tx Auto Cent 2004 Dodge Dakota | $14,857.67 | $13,000.00 | Pro-Rata | 5.25% | Pay Full Amount of Claim |

Rev. 10/09

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Edward Jose Caro**  Case No. **10-13054**
**Lillian Fuentes Caro**
Debtor(s)  Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN  ☐ AMENDED
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

Continuation Sheet # 3

Secured creditors shall retain their liens on the collateral which is security for their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law, or discharge under 11 U.S.C. Section 1328. In addition, if this case is dismissed or converted without completion of the plan, such liens shall also be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

E. Priority Creditors

| Creditor | Estimated Amount of Debt | Payment Method 1. Before 2. After 3. Along With Secured Creditors | Remarks |
|---|---|---|---|
| | | | |

F. General Unsecured Creditors, [including claims from rejection of contracts, leases and contracts for deed]. Unless otherwise provided below, payments to creditors with allowed general unsecured claims shall be made on a pro rata basis as funds become available after payment of other creditors. It is estimated that distribution to the general unsecured creditors will commence in the **59th** month of the Plan.

G. Cure claims on Assumed Executory Contracts, Contracts for Deed & Leases:

| Creditor | Estimated Amount of Debt | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

**Totals:**

Administrative Claims  **$2,924.00**
Arrearage Claims  **$7,785.62**
Secured Claims  **$133,067.67**
Priority Claims  **$0.00**
Unsecured Claims  **$21,326.00**
Cure Claims  **$0.00**

H. Supplemental Plan Provisions

(a) MOTION TO AVOID LIENS UNDER 11 U.S.C. § 522(f)

Debtor moves to avoid the following liens that impair exemptions. Objections to Lien Avoidance as proposed in this plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. (Debtor must list the specific exempt property said lien impairs and the basis of the lien, i.e. judicial, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
| | | |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Edward Jose Caro**                Case No. **10-13054**
       **Lillian Fuentes Caro**
                Debtor(s)                Chapter 13 Proceeding

# DEBTOR(S)' CHAPTER 13 PLAN    ☐ *AMENDED*
# AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 4*

## IV. General Information

> **NOTICE:** Local Rule 3002 provides, in part:
>
> *"Every Creditor filing a Proof of Claim in all cases shall transmit a copy with attachments, if any, to the Debtor's Attorney (or the Debtor if the Debtor is pro se) and the Trustee appointed in the case."*

Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. The deadline for the filing of objections to confirmation is ten days prior to the confirmation hearing.

Respectfully submitted this date: __**11/11/2010**_____.

__ **/s/ Edward Jose Caro** _____      __ **/s/ Lillian Fuentes Caro** _____
Edward Jose Caro                                      Lillian Fuentes Caro
2104 Sombra Cove                                  2104 Sombra Cove
Austin, TX 78744                                     Austin, TX 78744
(Debtor)                                                      (Joint Debtor)

__ **/s/ CHRISTY HEIMER** _____
CHRISTY HEIMER
6633 Highway 290 East
Suite 205
Austin, Texas 78723
Phone: (512) 291-7105 / Fax: (512) 291-7106
(Attorney for Debtor)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: __Edward Jose Caro__  CASE NO. **10-13054**
*Debtor*

__Lillian Fuentes Caro__  CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on November 12, 2010, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

/s/ CHRISTY HEIMER
CHRISTY HEIMER
Bar ID:24057894
Heimer Law Offices P.C.
6633 Highway 290 East
Suite 205
Austin, Texas 78723
(512) 291-7105

---

A+ Federal Credit Unio
1482020401
Po Box 14867
Austin, TX 78761

Bac Home Loans Servici
871340948
450 American St
Simi Valley, CA 93065

Conns
294608530
Attention: Heather McAdams
PO Box 2358
Beaumont, TX 77704

Afni, Inc.
2037194383
Attn: DP Recovery Support
PO Box 3427
Bloomington, IL 61702

Caine & Weiner
4139813
21210 Erwin St
Woodland Hills, CA 91367

Credit Management
34881242
4200 International Pwy
Carrolton, TX 75007

Ais Services Llc
5208075
8996 Miramar Rd Ste 220
San Diego, CA 92126

Collection
7095951
700 Longwater Dr
Norwell, MA 02061

Credit Management
38135028
4200 International Pwy
Carrolton, TX 75007

Asset Acceptance
37488151
PO Box 2036
Warren, MI 48090

Collection
4925350
700 Longwater Dr
Norwell, MA 02061

Cybrcollect Inc
2633912CYB
2350 South Ave
La Crosse, WI 54601

Bac Home Loans Servici
871340948
450 American St
Simi Valley, CA 93065

Collection
12089186
700 Longwater Dr
Norwell, MA 02061

DEBORAH B. LANGEHENNIG
3801 CAPITAL OF TEXAS HIGHWAY
SOUTH
SUITE 320
AUSTIN, TEXAS 78704

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Edward Jose Caro**     CASE NO. **10-13054**
*Debtor*

**Lillian Fuentes Caro**     CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

| | | |
|---|---|---|
| Ecmc<br>4569099011<br>101 E Fifth St<br>Saint Paul, MN 55101 | Ic Systems Inc<br>21828991<br>Po Box 64378<br>Saint Paul, MN 55164 | Tx Auto Cent<br>169243<br>POB 152155<br>Austin, Texas 78744 |
| Ecmc<br>4569099012<br>101 E Fifth St<br>Saint Paul, MN 55101 | Ic Systems Inc<br>29980070<br>Po Box 64378<br>Saint Paul, MN 55164 | United Consumer Financial Services<br>63761090<br>865 Bassett Rd<br>Westlake, OH 44145 |
| Edward Jose Caro<br>2104 Sombra Cove<br>Austin, TX 78744 | Los Jardines HOA c/o Goodwin Management<br>11149 Research Blvd<br>Suite 100<br>Austin, Texas 78759 | |
| I C System<br>21828928<br>Po Box 64378<br>Saint Paul, MN 55164 | NCO Financial Systems<br>14322378<br>507 Prudential Rd<br>Horsham, PA 19044 | |
| Ic Systems Inc<br>80009371<br>Po Box 64378<br>Saint Paul, MN 55164 | Pinnacle Financial Gro<br>3396034<br>7825 Washington Ave S St<br>Minneapolis, MN 55439 | |
| Ic Systems Inc<br>21829053<br>Po Box 64378<br>Saint Paul, MN 55164 | Security Credit Servic<br>974392<br>2653 West Oxford Loop<br>Suite 108<br>Oxfods, MS 38655 | |
| Ic Systems Inc<br>31341295<br>Po Box 64378<br>Saint Paul, MN 55164 | Texas Auto Center<br>6809 IH 35 S.<br>Austin, Texas 78744 | |